IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:21-cr-00012-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER TYSHAUN JOHNSON,

    Defendant.

ORDER

This matter comes before the court on Defendant's pro se Motion for Early Termination of Supervised Release. [DE 72]. After careful consideration, the motion is DENIED.

I. **Background**

On August 9, 2022, Defendant pled guilty pursuant to a written plea agreement to distributing of a quantity of cocaine base (crack). [DE 54]. On February 3, 2023, this court sentenced Defendant to a term of imprisonment of thirty months. [DE 68] at 2. The court directed that upon his release from imprisonment, he be placed on supervised release for a period of three years. *Id.* at 3. Defendant completed his term of imprisonment and was placed on supervision May 9, 2023. *See* [DE 71].

On February 11, 2025, roughly fifteen months before his term of supervision was set to expire, Defendant filed the pending pro se motion. [DE 72]. Defendant candidly admits that he failed one drug test in June 2023 after using marijuana. *Id.* at 2. However, he states that he has passed all subsequent drug tests, maintained his sobriety, and attended all required counseling and treatment appointments. *Id.* at 1–2. He states that he has "worked hard to rebuild [his] life and become a productive citizen of society." *Id.* at 2. Defendant argues that his behavior considered

holistically justifies early termination, and that continued supervision inhibits his ability to spend time with his children and pursue a career as a "merchant seaman." *Id.* at 1–2.

On February 14, 2025, the Probation Office filed a response in opposition to Defendant's motion. [DE 73]. It corroborates much of the information provided by Defendant, including his sporadic work history and engagement with drug treatment. *Id.* However, in response to Defendant's purported bases for termination—i.e., his difficulty in seeing his children and working out of state—Probation advises that "travel is routinely permitted for work and other purposes," and due to Defendant's compliance while on supervision, he would likely be able to secure such permits. *Id.* Thus, it recommends that the motion be denied. *Id.*

The United States also filed a response in opposition. [DE 75]. It notes that while Defendant's compliance on supervision is laudable, this "cannot dilute his long-term participation in a large distribution system for cocaine base in Elizabeth City." *Id.* at 6. Further, it argues that Defendant has not presented sufficient evidence of a novel circumstance justifying early termination or that supervision would hinder the rehabilitation process. *Id.* at 1.

## II. Discussion

The court has the authority to terminate a term of supervised release after consideration of the factors set forth in 18 U.S.C. § 3553(a) and the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' . . . give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Early termination has been found to be appropriate "when the defendant has exhibited exceptionally good behavior that makes the previously imposed term of supervised release either

2

too harsh or inappropriately tailored to serve general punishment goals." *United States v. Brown*, No. 3:19-cr-265, 2024 WL 3997079, at *1 (W.D.N.C. Aug. 29, 2024) (quoting *Folks v. United States*, 733 F.Supp.2d 649, 651 (W.D.N.C. 2010) (internal citation omitted)).

After consideration of the relevant § 3553(a) factors, Defendant's conduct while on supervision, and the interests of justice, the court finds that termination of supervision is not warranted. At the outset, the court notes that while Defendant has generally performed well on supervision, he has failed a drug test. This did not result in revocation proceedings, but it does undercut a finding that his performance has been "exceptionally good." *Brown*, 2024 WL 3997079, at *1.

Further, the court finds that continued rehabilitation is not overly harsh or inappropriately tailored to serve the goals of punishment, particularly when considering that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Indeed, it is designed as a mechanism to "assist individuals in their transition to community life." *Id.* The record reflects that continued supervision will serve those ends here. As the Probation Office has noted, Defendant may seek travel permits to pursue a new career as a "merchant seaman" and foster a relationship with his children. Considering his compliance thus far, supervision will not likely frustrate either of these endeavors, but it will work to ensure that Defendant remains compliant with state and federal drug laws, thus helping to promote respect for the rule of law and mitigate the risk that Defendant will commit future crimes. *See* § 3553(a)(2).

For these reasons, Defendant's Motion for Early Termination of Supervised Release [DE 72] is DENIED.

SO ORDERED this 21st day of April, 2025.

/s/ Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE